UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAREN HENRY,<br><br>        Petitioner,<br><br>   v.<br><br>W.Z. JENKINS,<br><br>        Respondent. | Case No. 20-cv-01532-VC   (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

      Maria Laren Henry, an inmate at the Federal Correctional Institution in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' decision that she is not eligible for a one-year reduction in her sentence after she completed the Bureau's Residential Drug Abuse Program ("RDAP"). The respondent has filed a motion to dismiss for lack of subject matter jurisdiction. The time for Henry to submit an opposition has passed and she has not filed one. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

      Henry is serving a 70-month sentence imposed by the United States District Court for the District of Alaska for a conviction of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(c). Henry's current projected release date is April 14, 2022. Cruz Dec. ¶ 3, Exs. 1 and 2. According to Henry's presentence report, a search of Henry's car produced, among other things, a Ruger .9mm LC9 handgun, loaded and found inside the pocket of Henry's jacket. Cruz Dec. ¶ 21, Ex. 8. In the presentence report, the Probation Office recommended a two-level enhancement under U.S.S.G.

§ 2D1.1(b)(1) for possession of a dangerous weapon during the commission of the offense.  Cruz Dec. ¶ 22, Ex. 7.  The district court adopted the recommendation of the presentence report and applied the two-level gun enhancement.  Cruz Dec. ¶ 22, Ex. 9.

After Henry completed the RDAP program, she learned that she was not eligible for the reduction of sentence that some inmates receive after completion of the program because of the two-level enhancement for possession of a firearm.  Pet's Ex. 1, ECF 1-10-16.  She filed a motion in the United States Court for the District of Alaska requesting the court to supplement its judgment by clarifying that Henry was a non-violent offender eligible for a sentence reduction.  *Id.*  The district court denied Henry's motion.  Winslow Dec., Ex. 1.

Henry then filed an administrative appeal of the BOP's decision.  Cruz Dec. ¶ 4, Ex. 3.  On October 21, 2019, the appeal was denied by the Administrator of National Inmate Appeals.  *Id.*  This exhausted Henry's administrative remedies.  *Id.*

## DISCUSSION

The BOP provides residential substance abuse treatment for eligible prisoners.  18 U.S.C. § 3621(e).  As an incentive to complete the program, the BOP may reduce an eligible prisoner's term of custody by up to one year.  18 U.S.C. § 3621(e)(2)(B).  However, early release is not available to prisoners whose current felony conviction involved an offense that involved the carrying, possession or use of a firearm.  28 C.F.R. § 550.55(b)(5)(ii), (iii).

In *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011), the Ninth Circuit held that any substantive decision by the BOP to admit a particular inmate into RDAP, or to grant or deny a sentence reduction for completion of the RDAP program, is not reviewable by a district court.  The decision was based on 18 U.S.C § 3625 of the Administrative Procedures Act ("APA"), which specifies that the judicial review provisions of the APA do not apply to any determination, decision or order made pursuant to 18 U.S.C. §§ 3621-3624.  *Id.*  Although the court stated that judicial review remains available for claims that BOP action is contrary to federal law, violates the United States Constitution, or exceeds its statutory authority, it held that judicial review was unavailable for Reeb's claim that the BOP erred based on the facts of his particular case.  *Id.* at

1228-29.

Henry's claim is that the BOP's decision not to grant her early release was incorrectly based on the fact that a gun that was found in her car rather than on the fact that she committed a nonviolent crime.  ECF No.1 at 7, Petition.  Because Henry's claim is based on the specific facts of her case, this Court lacks jurisdiction over it.

## CONCLUSION

Based on the foregoing, the motion to dismiss based on lack of jurisdiction is granted. Because amendment would be futile, dismissal is with prejudice.  The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 29, 2020

VINCE CHHABRIA
United States District Judge